HIRAM J. RAND vs. ISAAC C. NESMITH.

*Rule of damages in action for money had and received.*

In an action for money had and received, the plaintiff is entitled to recover no more than the sum actually received for his use by the defendant. An instruction that he can recover so much as his property converted by the defendant into money was reasonably worth, is erroneous.

ON EXCEPTIONS.

ASSUMPSIT to recover for land sold by defendant, the title to which he held in trust for plaintiff. That the defendant originally acquired an interest in the premises, to be held for some period in trust, either for the plaintiff or for his father (Bradbury Rand), was not denied, though it was contended the trust had determined and the estate become absolute in Nesmith. Bradbury Rand conveyed to the plaintiff in 1856, by quit-claim deed, all his interest in the property, to be held according to the trust, of which there was no written declaration, but which was implied from the payment by the plaintiff of the consideration money for the purchase of the portion of the estate transferred by said deed. The land belonged to the Houston heirs, of whom there were five or six, at least; and Rand had acquired only the title of two or three of them when he conveyed to Nesmith. The defendant subsequently, several years later, bought up a tax title of one King, from whom he took a conveyance. In 1866 he sold the land, by deed of warranty, to Weston F. Milliken, for $800, which the plaintiff said was far below its real value. The defendant contended that if liable at all, he could only be held for such a proportion of the sum received ($800) as the fractional interest passing to him by Rand's deed bore to the whole estate ; but the presiding justice ruled that if the value of the undivided share conveyed by Rand to Nesmith amounted to $800 the jury could give that amount, or such portion

of it as they found equal to the actual value of such share, but could not exceed the gross sum received by Nesmith from Milliken for the land; and the defendant excepted.

*J. H. Drummond,* for defendant.

*A. Merrill,* for plaintiff.

APPLETON, C. J.   It appears from the evidence that the plaintiff and defendant entered into an agreement by virtue of which the plaintiff was to procure title to certain real estate, the defendant was to advance the funds for its purchase, the estate purchased was to be conveyed to the defendant to hold the same as security for advances made in its purchase, and for other claims which he held against the plaintiff and interest thereon; the defendant was to hold the estate (subject to his claims thereon) in trust for the plaintiff, and if sold, to account to him for the proceeds thereof, after deducting what might be due him.

In pursuance of this arrangement, the plaintiff procured the title to the whole or to a portion of the lot in question, and on the 22d August, 1856, conveyed all his " right, title, and interest " therein by deed of quit claim, and for the consideration of two hundred dollars, to the defendant.

On September 6, 1866, the defendant conveyed the lot in question by deed of warranty to Weston F. Milliken for the consideration of eight hundred dollars.   In the deed the land is described as the " same lot I purchased of Marquis F. King, July 15, 1861," etc.

There is evidence tending to show that there were at least five co-tenants in the estate.   The plaintiff claims that he procured the title to the whole estate, while the defendant denies that he acquired from him title to more than four shares.

There was likewise evidence tending to show that the lot was worth much more than the amount for which it was sold.

The writ is assumpsit for money had and received.   The plaintiff's specification of the claim to be proved under the money count is as follows:

1866.          ISAAC C. NESMITH TO H. J. RAND,         Dr.

| | |
|---|---|
| To proceeds of sale of land, corner of Washington and Walnut streets, in Portland, | $800.00 |
| To interest on same to demand, | 200.00 |
| | $1,000.00 |

There are certain deductions for credits which it is immaterial to consider.

The only exceptions presented relate entirely to the charge of the justice presiding, which was as follows:

"It has been contended by the defendant that if you should come to the question of damages, you cannot give the plaintiff as damages for the land the whole $800, being the amount in gross for which Nesmith sold it, but only a certain portion of the $800, on the ground that Nesmith received from the plaintiff only a certain undivided portion of the whole title. But for the purposes of this trial, I rule that if you find that Nesmith received from the plaintiff a certain proportion of the title, you will not necessarily be limited to awarding the plaintiff the same proportion of the $800, but you may give such damages not exceeding $800 as you shall find the title actually received from the plaintiff is reasonably worth."

The instruction thus given was erroneous in two respects.

In an action for money had and received, the plaintiff is limited to the amount thus had and received.

The defendant is only to account for the proceeds of land conveyed to him from the plaintiff, not for the proceeds of land the title to which he acquired from some other source. He only holds in trust what he has received from the plaintiff, and he is only to account for what he has thus received. The instruction compels him to account to the plaintiff for land he never owned.

There is no estoppel as against the defendant by reason of his deed of warranty to Milliken. The deed is not between the parties to this suit, nor does it purport to pass any title derived from the plaintiff, but it specifically refers to the lot conveyed by King.

Nor. was the value of the lot a question for the consideration of the jury. The suit is not for its reasonable worth. The money received from its sale is the limitation of the plaintiff's right to recover—a limitation imposed on the plaintiff by the remedy adopted.

That the defendant might and ought to have sold for a larger price is not a matter for our consideration, as he is not sued for any act of omission or commission in the discharge of his trust, but on the contrary, the suit affirms what has been done, and is to recover the proceeds of the sale as made.

The instructions, to which no exceptions have been taken, must be presumed to be correct. The degree of credit to be given to the witnesses on the one side and the other was for the consideration of the jury, and no reason is perceived for disturbing the verdict as against evidence. But as the instructions reported were erroneous, a new trial must be granted.

*Exceptions sustained.*

WALTON, DICKERSON, BARROWS, DANFORTH, and VIRGIN, JJ., concurred.